The People ex rel. Emile P. Benoit v. George Miller.

*Quo warranto: Fine.* The imposition of a fine for usurpation of a public office is in the discretion of the court.—*2 Comp. L.* § *5312.*

*Heard November 1st. Decided November 2d.*

*Quo warranto.*

The information in this case was filed to test the right of the defendant to hold the office of Treasurer for the county of Wayne.

Defendant filed a demurrer and which was overruled — 15 *Mich.* 354 — whereupon he was allowed to plead, issuably.

The case was tried by a jury and a verdict found for relator.

The court was asked to impose a fine under the statute. 2 *Comp. L.* § 5312.

*A. Pond,* and *Maynard & Meddaugh,* for relator.

*T. Romeyn* and *Wm. Gray,* for defendant.

COOLEY J.

The proceedings in this case have been as follows:

To an information against the defendant for usurping the office of County Treasurer of Wayne, he interposed a demurrer based upon supposed errors which did not in any way affect his substantial rights. The demurrer was overruled, but the defendant was allowed to plead issuably on showing merits. He filed an affidavit swearing to a good defense on the merits, and also setting forth specifically alleged fraudulent conduct and fraudulent voting on the part of officers and voters concerned in the election, sufficient to change the result, and on this affidavit was permitted to plead. His pleading resulted in two issues; one of law and one of fact. The issue of law was disposed of at the last

term by a decision against the defendant who had fully conceded by his pleading that the relator had received the greatest number of votes. The conclusion of the law would be that the relator was duly elected. Nevertheless the case went to trial' before a jury on the issue of fact, where no attempt was made to prove any of the frauds alleged in the affidavit of merits, and the only point made on the trial on behalf of the defendant was one which it is conceded here would not affect the case. The jury rendered a verdict for the people, and the case is now before us for judgment.

Under these circumstances some of the court have doubted whether a fine ought not to be imposed upon the defendant as a part of the judgment; and whether a failure to impose it will not tend to encourage usurpations of office, with a view to the enjoyment of the emoluments of the office so long as the machinery of the courts can be made available to exclude the rightful claimant. But as this happens to be the first case of the kind in the state — all prior contests having been, so far as we are aware, in good faith — and as the defendant held the certificate of election, and the action of the canvassers is not now before us for consideration, the court will only render the customary judgment. The relator will have judgment upon the verdict, and that he is entitled to, and will recover costs of the three issues, including ordinary circuit court costs for the trial there.

The other justices concurred.